UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN CANAVERAL, on behalf
of himself and on behalf
of all others similarly situated,

    Plaintiff,

v.                        CASE NO.:

AREL TRUCKING, INC.,

    Defendant.
_____/

## CLASS ACTION COMPLAINT
### (JURY TRIAL DEMANDED)

Named Plaintiff, Juan Canaveral ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated (collectively "Plaintiffs"), files this Class Action Complaint against Defendant, Arel Trucking, Inc. ("Defendant") for violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act").

In sum, Defendant violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act") by terminating the Named Plaintiff and the putative class members without providing sufficient advance written notice as required by the WARN Act. In further support thereof, the Named Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This is a class action for the recovery by the Named Plaintiff, on her own behalf and on behalf of approximately 455 other similarly situated former employees (collectively the "Class", as defined below), seeking to recover damages in the amount of 60 days' compensation and benefits for each of them by reason of the Defendant's violation of their rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act").

2. Defendant's mass layoffs deprived Named Plaintiffs and the Putative Class Members "…and their families [of] some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

4. Defendant failed to provide Named Plaintiffs and the Putative Class Members with the sixty (60) days advance written notice that is required by the WARN Act.

5. The Named Plaintiff and the Putative Class Members were employees of Defendant who were terminated without cause on their part on or March 20, 2023, as part of or as the reasonably expected consequence of a mass layoff or plant closing, which was effectuated by Defendant on or about that date.

6. Defendant failed to give Plaintiff and the Putative Class Members at least 60 days' advance notice of their termination. As a consequence, Plaintiff and

the class members are entitled under the WARN Act to recover from the Defendant their respective compensation and benefits for 60 days.

7. Defendant will likely claim exemption from this requirement under the "unforeseeable business circumstance" exception of the WARN Act.

8. Under that exception, "[a]n employer may order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required." 29 U.S.C. § 2102(b)(2)(A).

9. However, Defendant was still mandated by the WARN Act to give the Named Plaintiff and the Putative Class Members "give as much notice as is practicable." It failed to do so here.

10. Indeed, as reported in a comprehensive news story written by *Freight Waves* reporter Clarissa Hawes on March 22, 2022 ("the *Freight Waves* article"):

> Some 455 truck drivers who hauled freight under the banner of Flagship Transport LLC, a logistics holding company headquartered in Medley, Florida, say they have had no contact with company executives since last week, when they received text messages promising their paychecks would be available for pickup at the company's yard on Tuesday. But that didn't happen.
>
> Owner-operator Antonio Rivera, 37, of DeLand, Florida, drove for AREL Trucking Inc. (ATI) of Lakeland, Florida, for nearly two years, hauling beer, water and other freight. He delivered his last load on Monday. He said most of the truck drivers took their freight to the yard in Medley on Tuesday while others have not received any communication from dispatchers or company executives about what to do if they are still under loads. Rivera said some drivers are still making their way back to the Miami area…..

3

Miami-based attorney David M. McDonald, who serves as a registered agent for Fernandez's companies, said he isn't involved in the day-to-day operations of the companies, but admitted he had heard rumors about Flagship's financial health over the past few days. "I understand that they're working with creditors and potential investors to get more cash into the business, but I'm not involved in those discussions," McDonald told FreightWaves.[1]

11. The article went on to explain that, "Rivera said there were warning signs that the company was experiencing some financial problems, but that the company said not to worry, that it was switching banks and drivers and employees would be paid by paper checks instead of receiving direct deposits for the near future."[2]

12. Additionally, the article stated that "Rivera claims the paper checks the drivers and office employees have been receiving over the past two to three weeks have bounced. Rivera said he is owed about $5,000 from ATI. But he knows drivers who are owed much more — up to $20,000."

13. Thus, the mass layoff/plant closure by Defendant was not only foreseeable by Defendant long before March of 2023, it was "foreseen."

## JURISDICTION

14. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5). The Court has supplemental jurisdiction over the common law unpaid wage claims included herein.

15. The violation of the WARN Act alleged herein occurred in this District.

---

[1] https://www.freightwaves.com/news/florida-based-flagship-transport-abruptly-ceases-operations, last accessed on April 27, 2023.
[2] *Id.*

4

16. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

17. Defendant Arel Trucking, Inc. is a for-profit corporation organized in the State of Florida. Its headquarters is located at 1516 N. Combee Road in Lakeland, Florida 33801.

18. Defendant Arel Trucking is registered with the U.S. Department of Transportation under DOT number 02089174 and MC number 728960.

19. Defendant Arel Trucking, Inc. is a covered employer under the WARN Act.

20. The Named Plaintiff brings this action on his own behalf and, pursuant to rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and the Putative Class Members.

## THE MASS LAYOFF / PLANT CLOSURE

21. On March 22, 2023, the Named Plaintiff—who worked for Defendant as a truck driver—and the class members were abruptly terminated.

22. No severance was offered to the Named Plaintiff and Putative Class Members.

23. As of March 22, 2023, the Named Plaintiff and the Putative Class Members were no longer permitted to physically work at the Facility, nor were they being paid their salaries or wages any longer. Thus, they suffered an "employment loss" as defined by the WARN Act effective on March 22, 2023.

24. Defendant deprived the Named Plaintiff and Putative Class Members of their right to receive a compliant WARN Act notice at least sixty days in advance of their termination.

## UNPAID WAGES

25. Besides violating the WARN Act, Defendant failed to pay Plaintiff and the class members all wages owed to them.

## THE WARN ACT CLAIM FOR RELIEF

26. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

27. The terminations on or about March 22, 2023, of the employment of persons who worked at the Facility for Defendant resulted in the loss of employment for approximately 455 employees excluding Part-Time Employees.

28. The terminations on or about March 22, 2023, of the employment of persons who worked at the Facility or as the reasonably foreseeable consequence of those terminations resulted in the loss of employment for at least 33% of the Facility's employees excluding Part-Time Employees.

29. The Named Plaintiff and the Putative Class Members were discharged without cause on their part on or about March 22, 2023, or thereafter as the reasonably expected consequence of the terminations that occurred on or about March 22, 2023.

30. The Named Plaintiff and each of the other Putative Class Members experienced an employment loss as part of or as the reasonably expected consequence of the mass layoff and/or plant closing that occurred on or about March 22, 2023.

31. Prior to the terminations, the Plaintiff and the Putative Class Members did **not** receive written notice at least 60 days in advance of the termination of their employment.

## CLASS ACTION ALLEGATIONS

32. The Plaintiff and the Putative Class Members constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

33. Specifically, the Named Plaintiff seeks to certify the following classes:

**WARN Act Class:**
All of Defendant's employees in the United States who were not given a minimum of 60 days' written notice of termination and whose employment was terminated on or about March 22, 2023, or within 30 days thereof, as a result of a "mass layoff" or "plant closing" as defined by the Workers Adjustment and Retraining Notification Act of 1988.

**Unpaid Wage Class Action:**
All drivers employed by Defendant and denied compensation for work performed within two years of the filing of this complaint through the date of final judgment in this action.

34. Each of the Putative Class Members is similarly situated to the Plaintiff with respect to his or her rights under the WARN Act, and under the common law.

35. Common questions of law and fact are applicable to all members of the Class.

36. The common questions of law and fact arise from and concern the following facts, among others: that all Putative Class Members enjoyed the protection of the WARN Act; that all Putative Class Members were employees of the Defendant who worked at the Facility; that the Defendant terminated the employment of all the members of the Class without cause on their part; that the Defendant terminated the employment of Putative Class Members without giving them at least 60 days' prior written notice as required by the WARN Act; that the Defendant failed to pay the Putative Class Members wages and to provide other employee benefits for a 60-day period following their respective terminations; whether Defendant paid the Putative Class Members all compensation owed to them; and on information and belief, the issues raised by an affirmative defenses that may be asserted by the Defendant.

37. The Named Plaintiff's claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described above, the Plaintiff and the other Putative Class Members is an injured party with

respect to his/her rights under the WARN Act, and under the common law (as to the wage claim).

38. The Named Plaintiff will fairly and adequately protect and represent the interests of the Class.

39. The Named Plaintiff has the time and resources to prosecute this action.

40. The Named Plaintiff has retained the undersigned counsel who have had extensive experience litigating WARN Act claims, employee rights' claims, and other claims in Federal court.

41. The Class is so numerous as to render joinder of all members impracticable in that there are approximately 455 members of the Class.

42. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. No Putative Class Member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

45. No litigation concerning the WARN Act rights of any Class member has been commenced.

46. Concentrating all the potential litigation concerning the WARN Act rights of the Putative Class Members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most

efficient means of resolving the WARN Act rights of all the Putative Class Members.

47. On information and belief, the names of all the Putative Class Members are contained in Defendant's books and records.

48. On information and belief, a recent residence address of each of the Putative Class Members is contained in Defendant's books and records.

49. On information and belief, the rate of pay and the benefits that were being paid or provided by Defendant to each Class member at the time of his or her termination are contained in Defendant's books and records.

### **COUNT I – WARN ACT VIOLATION**

50. As a result of Defendant's violation of the WARN Act, each Putative Class Members is entitled to recover an amount equal to the sum of: (a) his/her respective wages, salaries, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) his/her medical expenses incurred during the 60-day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plan had that plan provided coverage for such period.

51. Defendant failed to pay the Plaintiff and the other Putative Class Members for the Defendant's violation of the WARN Act in an amount equal to the sum of or any part of the sum of (a) their respective wages, salary, commissions,

bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) their medical expenses incurred during the 60 calendar days from and after the date of his/her termination that would have been covered under the Defendant's benefit plans had those plans remained in effect.

52. The Named Plaintiff hereby demands a jury trial of all issues that may be so tried.

**WHEREFORE**, the Named Plaintiff demands judgment as follows:

A. In favor of the Named Plaintiff and each Putative Class Members against the Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60 days; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 days; and (c) medical expenses incurred during the 60 day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

B. Appointment of the Named Plaintiff as Class Representative;

C. Appointment of the undersigned as Class Counsel;

11

D. In favor of the Named Plaintiff for the reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6).

E. Interest allowed by law;

F. Such other and further relief as this Court deems just and proper.

## COUNT II – COMMON LAW UNPAID WAGE CLAIM

53. This claim is brought by all Plaintiff on behalf of all similarly-situated drivers who were not compensated for their work, and as a result were denied all of their wages.

54. During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to Pay Plaintiff and the class members for their services.

55. Defendant failed to pay Plaintiff all "wages" owed to him, and as to the class members.

56. As a result of the foregoing, Plaintiff and the class members have suffered damages.

***WHEREFORE,*** Plaintiff demands:

    a. A jury trial on all issues so triable.

    b. That process issue, and that this Court take jurisdiction over the case; Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages.

    c. All costs and attorneys' fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08

    d.    For such further relief as this Court deems just.

## **DEMAND FOR A JURY TRIAL**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated this 27th day of April, 2023.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **LUIS A. CABASSA**
        Florida Bar Number: 053643
        Direct No.: 813-379-2565
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        Direct Dial: 813-379-2560
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: lcabassa@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: gnichols@wfclaw.com
        **Attorneys for Plaintiff**